## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| ROGER VANDERKLOK, | : | HON. WILLIAM H. YOHN |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-370 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

# O R D E R

AND NOW, this _____ day of _____, 2015, upon consideration of Defendants United States of America, Transportation Security Administration, Secretary of Homeland Security Jeh Johnson, and former TSA Administrator John Pistole's Motion to Dismiss the Amended Complaint and any response thereto, and good cause appearing therein, it is hereby ORDERED that the Motion is GRANTED.  The Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction over the United States of America, the Transportation Security Administration, and Secretary Johnson, former Administrator Pistole, and TSA Supervisor Charles Kieser in their official capacities.  The Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6) for lack of personal jurisdiction over Secretary Johnson and former Administrator Pistole in their individual capacities, and for failure to state a claim against either Defendant in his individual capacity.

BY THE COURT:

_____
William H. Yohn, Jr., Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ROGER VANDERKLOK, | : | HON. WILLIAM H. YOHN |
|  | : |  |
| Plaintiff, | : |  |
| v. | : | Civil Action No. 15-370 |
|  | : |  |
| UNITED STATES OF AMERICA, | : |  |
| ET AL., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**DEFENDANTS UNITED STATES OF AMERICA, TRANSPORTATION SECURITY
ADMINISTRATION, SECRETARY OF HOMELAND SECURITY JEH JOHNSON,
AND FORMER TSA ADMINISTRATOR JOHN PISTOLE'S
OMNIBUS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL
<u>PROCEDURE 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6)</u>**

Defendants United States of America, Transportation Security Administration, Secretary of Homeland Security, and former TSA Administrator John Pistole hereby move the Court to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, failure to effectuate proper service, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6).

Pursuant to Local Rule 7.1(c), Moving Defendants hereby incorporate by reference the attached Memorandum of Law as though fully set forth at length.

WHEREFORE, Moving Defendants respectfully request that the Court grant their

Motion and dismiss this Amended Complaint.

Respectfully submitted,

HON. LORETTA LYNCH
United States Attorney General

PAUL J. FISHMAN
United States Attorney

By:      */s/ Anne B. Taylor*
ANNE B. TAYLOR
Assistant United States Attorney
Special Attorney to the U.S. Attorney General

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| ROGER VANDERKLOK, | : | HON. WILLIAM H. YOHN |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-370 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS UNITED STATES OF
AMERICA, TRANSPORTATION SECURITY ADMINISTRATION, SECRETARY OF
HOMELAND SECURITY JEH JOHNSON, AND FORMER TSA ADMINISTRATOR JOHN
PISTOLE'S OMNIBUS MOTION TO DISMISS

Moving Defendants, the United States of America, the Transportation Security

Administration ("TSA"), Secretary of Homeland Security Jeh Johnson, and former TSA

Administrator John S. Pistole, hereby submit this Memorandum of Law in support of their

motion to dismiss Plaintiff Roger Vanderklok's Amended Complaint as against them for lack of

subject-matter jurisdiction, lack of personal jurisdiction, failure to effectuate proper service, and

failure to state a claim.  For the reasons set forth below, the motion should be granted.

I.      **Introduction**

This action arises out of Plaintiff's arrest at the Philadelphia International Airport.  A

TSA supervisor, Charles Kieser ("Supervisor Kieser"), called the Philadelphia Police to report

that Plaintiff had asserted he could bring a bomb into the airport and evade detection by TSA

agents, a statement Plaintiff made while undergoing heightened screening at a TSA security

checkpoint because his carry-on luggage appeared to contain components of a pipe bomb.

Plaintiff contends that he never made the alleged statement, which he avers even if made would

be protected, expressive conduct, and that Supervisor Kieser falsely reported this statement after Plaintiff sought to file a formal complaint against Supervisor Kieser for his treatment of Plaintiff at the airport security checkpoint.

In his nine-count Amended Complaint, Plaintiff seeks to hold nine municipal and federal defendants, including the United States of America, the Transportation Security Administration, the Secretary of Homeland Security, and the former TSA Administrator, liable for constitutional and state law torts.  But there has been no waiver of sovereign immunity for Plaintiff's purported claims against the United States, a federal agency, and federal employees in their official capacities.[1]  As a result, this court lacks subject-matter jurisdiction over such claims and those portions of the Amended Complaint should be dismissed with prejudice.

Plaintiff also asserts claims against the Secretary and former Administrator in their individual capacities.[2]  Careful review of these claims reveals that Plaintiff seeks to hold these two federal officials personally liable for violations of his First, Fourth, and Fourteenth Amendment constitutional rights.  Plaintiff's attempts to state individual-capacity constitutional claims against these high-level federal officials fail because he has not properly served them and because this Court lacks personal jurisdiction over them.  Further, the Amended Complaint contains no plausible allegations of personal involvement by the high-ranking federal officials, such that Plaintiff fails to state a claim that either official violated his clearly established

---

[1] Undersigned counsel is entered as a Special Attorney to the United States Attorney General and represents the United States, the Transportation Security Administration, Secretary Jeh Johnson, and former TSA Administrator John Pistole.  TSA Supervisor Kieser has separate counsel for the claims brought against him in his individual capacity.  However, because a claim for money damages brought against an employee of the United States for actions taken in his official capacity is actually a claim against the United States, the United States is moving for the dismissal of the official-capacity claim against Supervisor Kieser.

[2] Defendant Jeh Johnson presently serves as the Secretary of Homeland Security.  He was sworn into that position on December 23, 2013.  Prior to that date, and during the time period at issue in this case (January 26, 2013), he served as General Counsel for the U.S. Department of Defense.  See Official Biography of Secretary Jeh Johnson, *available at* http://www.dhs.gov/secretary-jeh-johnson (last viewed June 12, 2015).

constitutional rights, as required to overcome the doctrine of qualified immunity.  Those claims likewise should be dismissed with prejudice.

## II.      Factual and Procedural Background[3]

Roger Vanderklok ("Plaintiff") was scheduled to fly to Miami from Philadelphia International Airport on January 26, 2013.  Am. Compl. ¶ 25.  At the security line, Plaintiff's carry-on bag was subjected to further screening after TSA agents identified organic materials, a heart-monitoring watch, and a pipe that was capped at both ends as contents of concern.  Id. ¶¶ 27-32; see also Philadelphia Police Investigation Report, attached as Ex. A to Pl.'s Am. Compl; ECF No. 27 at 84, 86 (images of the capped pipe).  Displeased with the manner in which Supervisor Kieser treated him, Plaintiff allegedly indicated he wanted to file a complaint with the agency.  Id. ¶ 34.  After this exchange between the two men, Plaintiff contends that Supervisor Kieser called the Philadelphia Police and falsely reported that Plaintiff had stated "anybody can bring a bomb and you wouldn't even know it."  Id. ¶¶ 35, 39.  Police officers arrived in response to Supervisor Kieser's call, and placed Plaintiff in handcuffs after speaking with Plaintiff, Supervisor Kieser, and other individuals present at the checkpoint.  Id. ¶¶ 37-38, 40; Ex. B, clip B5 overview 3086.  Plaintiff was processed by the police at the airport, id. ¶¶ 64-65, and transported to the police district building at 55th and Pine in Philadelphia.  Id. ¶ 66.  Plaintiff was released from custody almost twenty-four hours later, and was subsequently acquitted of the charges filed against him – disorderly conduct, terroristic threats, and threatening the placement of a bomb.  Id. ¶¶ 67, 71-72.

---

[3] The following recitation is taken from Plaintiff's Amended Complaint and the exhibits attached thereto, and accepted as true for the limited purposes of this motion to dismiss for lack of jurisdiction and for failure to state a claim.  Cudjoe v. Dep't of Veterans' Affairs, 426 F.3d 241, 244 (3d Cir. 2005); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Defendants do not concede that the allegations in the Amended Complaint are supported by a factual basis, following a reasonable investigation.

In his Amended Complaint, Plaintiff contends that the above actions violated his First, Fourth, and Fourteenth Amendment constitutional rights and constituted the state-law torts of false arrest, false imprisonment, assault & battery, malicious prosecution, and retaliatory prosecution.[4]  As to Secretary Johnson and former Administrator Pistole, Plaintiff alleges that former Administrator Pistole, together with the TSA, employed Supervisor Kieser, partnered with local law enforcement, and came "under the auspices" of Secretary Johnson.  Am. Compl. ¶ 19.  He seeks to hold the Secretary and former Administrator liable in their individual capacities for the alleged violations of his First, Fourth, and Fourteenth Amendment constitutional rights. Id. ¶¶ 104-05, 130-34.

Plaintiff filed his initial complaint on January 23, 2015.  ECF No. 1.  Plaintiff then filed an Amended Complaint on May 27, 2015, which was entered on the docket and served via ECF on May 29, 2015.  ECF No. 22.  The United States of America, the Transportation Security Administration, and Secretary Johnson, former Administrator Pistole, and Supervisor Kieser, to the extent named in their official capacities, now move to dismiss Plaintiff's Amended Complaint with prejudice for lack of subject-matter jurisdiction.  Secretary Johnson and former Administrator Pistole also move to dismiss the individual-capacity claims levied against them for lack of personal jurisdiction, failure to timely effectuate proper service, and for failure to state a claim.

### III.    Standard of Review

Where a pleading does not allege facts sufficient to establish subject-matter jurisdiction, a party can move to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1).  Fed. R. Civ. P.

---

[4] As Plaintiff's Amended Complaint contains two "Sixth Claims", these claims are identified herein as Claim 6.1 (Monell) and 6.2 (State and Federal Malicious Prosecution).

12(b)(1).  In a facial attack on jurisdiction, the court treats as true the allegations of the complaint and disposes of any such motion by a purely legal determination.  Cudjoe v. Dep't of Veterans Affairs, 426 F.3d 241, 244 (3d Cir. 2005).

A party can also move to dismiss where a pleading does not allege facts sufficient to establish personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  The burden of establishing personal jurisdiction falls on the plaintiff.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).  In analyzing a motion to dismiss for lack of personal jurisdiction, the court accepts as true all allegations of plaintiff's complaint and construes any disputed facts in a plaintiff's favor.  Pinker v Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  A plaintiff responding to a challenge to the court's personal jurisdiction "must respond to the motion to dismiss with actual proofs – such as sworn affidavits or other competent evidence – not mere allegations."  Patchen v. McGuire, No. 11-5388, 2012 U.S. Dist. LEXIS 140253, at *8 (E.D. Pa. Sept. 27, 2012).

Finally, to survive a motion to dismiss pursuant to 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff's claims are "plausible" if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The complaint must present factual allegations that are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While a court must accept the allegations in the complaint and all reasonable inferences that can be drawn from them as true and view them in the light most favorable to the plaintiff for purposes of a Rule 12(b)(6)

motion, it "need not credit a complaint's bald assertions or legal conclusions." Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

## IV.    Argument

The United States of America, as sovereign, is immune from suit except as it consents to

be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). "Absent a waiver, sovereign

immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510

U.S. 471, 475 (1994). Indeed, without an express waiver of sovereign immunity the courts lack

subject-matter jurisdiction over claims against the federal government and its agencies. Id.;

United States v Dalm, 494 U.S. 596, 608. Relevant to the issues before this Court in the

Amended Complaint, the United States, its agencies, and its employees in their official capacities

cannot be held liable for alleged constitutional violations, and the intentional torts allegedly

committed here by non-law enforcement personnel are specifically excepted from the waiver of

sovereign immunity contained within the Federal Tort Claims Act ("FTCA").

As to Secretary Johnson and former Administrator Pistole, the individual capacity claims

should be dismissed because this Court lacks personal jurisdiction over either official and

because the Amended Complaint fails to state a claim of personal involvement by these

individuals in the alleged harms.

These issues are addressed *seriatim*.

a. *Plaintiff Cannot Maintain a Constitutional Claim Against Either the United States Or the Transportation Security Administration*

Plaintiff alleges six claims of constitutional violations against the United States and the

Transportation Security Administration. In Counts 1, 2, 6.1, 6.2, 7 and 8 of his Amended

Complaint, Plaintiff contends that his First, Fourth, and Fourteenth Amendment rights were

violated by his arrest and prosecution.[5]  He seeks to hold the United States of America and the

Transportation Security Agency liable for false arrest, malicious prosecution, retaliatory

prosecution, infringement upon his right to free speech, and violations of his right to due process

and equal protection of the laws.  This he cannot do.

"Neither the United States nor its agencies have waived sovereign immunity for

constitutional claims."  Mierzwa v. United States 282 F. App'x 973, 976-77 (3d Cir. 2008).

While the Supreme Court of the United States created a cause of action for individuals to seek

damages from individual federal employees in Bivens v. Six Unknown Named Agents, 403 U.S.

388 (1971), "a plaintiff may not use Bivens to pursue constitutional claims against the United

States or its agencies."  Mierzwa, 282 F. App'x at 976; see also F.D.I.C. v. Meyer, 510 U.S. at

484-86; Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001).  To the extent Plaintiff seeks to

hold the United States of America and the Transportation Security Administration liable for his

constitutional claims through the Federal Tort Claims Act, see Am. Compl. ¶ 134, any such

attempt to so state a claim fails as a matter of law.  See Dambach v. United States, 211 F. App'x

105, 107 (3d Cir. 2006) ("the United States is not liable under [the FTCA] for constitutional tort

claims").

Consistent with the above authority, Plaintiff's constitutional claims against the United

States of America and the Transportation Security Administration should be dismissed for lack

of subject-matter jurisdiction.

---

[5] Claim 6.1 for Monell liability is included here in an abundance of caution, as the paragraph allegations in the claim
refer to the TSA.  Am. Compl. ¶¶ 111-19.  However, the federal government and federal agencies cannot be held
liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), pursuant to which case a plaintiff might establish
municipal liability for constitutional violations.  E.g., Arar v. Ashcroft, 585 F.3d 559, 574 (2d Cir. 2009) (stating a
"Bivens action is sometimes analogized to an action pursuant to 42 U.S.C. § 1983, but it does not reach so far as to
create the federal counterpart to an action under Monell[.]").

b.   *Plaintiff's State-law Tort Claims Against the United States and the Transportation Security Administration Should be Dismissed for Lack of Subject-Matter Jurisdiction Because They Are Specifically Exempted From the FTCA's Waiver of Sovereign Immunity*

The Federal Tort Claims Act "gives federal district courts exclusive jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment." Millbrook v. United States, 133 S. Ct. 1441, 1443 (2013). It "was designed primarily to remove the sovereign immunity of the United States from suits in tort." Levin v. United States, 133 S. Ct. 1224, 1228 (2013). However, excepted from this waiver of immunity is "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, [or] deceit[.]" 28 U.S.C. § 2680(h). This exception applies where the claim at issue derives from the action of a federal actor who is not an "investigative or law enforcement officer." See id.; see also Millbrook, 133 S. Ct. at 1443.

Here, Plaintiff seeks to recover for five torts specifically exempted from the FTCA's waiver of sovereign immunity. In Counts 3, 4, 5, 6.2, and 7 of his Amended Complaint, Plaintiff contends the United States of America and the Transportation Security Administration are liable for the state law torts of false arrest, false imprisonment, assault & battery, malicious prosecution, and retaliatory prosecution. All these torts but one are specifically identified in the "intentional tort exception" of the FTCA. Levin, 133 S. Ct. at 1228. That one tort, retaliatory prosecution, arises out of the same actions underlying the other intentional torts, and consequently falls within the waiver's exception. See Beneficial Consumer Discount Co. v. Poltonowicz, 47 F.3d 91, 96 (3d Cir. 1995) (finding no waiver of sovereign immunity where the tort at issue is essentially similar to one of the specifically-identified torts in Section 2680). And because the individual federal actor whose actions form the basis of Plaintiff's tort claims served

as a member of TSA's uniformed security screening workforce, see Am. Compl. ¶ 18; Ex. A at 2, the "law enforcement proviso" extending the FTCA waiver for the torts identified in Section 2680 when allegedly committed by investigative or law enforcement officers does not apply. Pellegrino v. Transp. Sec. Admin., No. 09-5505, 2014 U.S. Dist. LEXIS 52468, at *19-20 (E.D. Pa. Apr. 16, 2014) (collecting cases); Coulter v. United States Dep't of Homeland Security, No. 07-4894, 2008 U.S. Dist. LEXIS 73014 (D.N.J. Sept. 24, 2008); Corbett v. Transp. Sec. Admin., 568 F. App'x 690, 700-02 (11th Cir. 2014) (collecting cases); but see Armato v. Doe, No. 11-2462, 2012 U.S. Dist. LEXIS 190080 (D. Ariz. May 15, 2012).

In Pellegrino, plaintiff contended that the United States was liable pursuant to the FTCA for torts arising out of the extensive screening procedures to which she was subjected by first-line TSA screeners and their supervisor, all at the Philadelphia International Airport. 2014 U.S. Dist. LEXIS 52468, at *2-11. This court considered the powers delegated by statute to airport screeners along with the weight of authority from other circuit and district courts and concluded that TSA check-point employees, both front line and supervisors, "are not investigative or law enforcement officers under 28 U.S.C. § 2680(h)." Id. at *20. The court then dismissed the claims against the United States for lack of jurisdiction. Id. at 21. The same result is required here.

In sum, the FTCA does not contain a waiver of sovereign immunity for Plaintiff's state law claims of false arrest, false imprisonment, assault & battery, malicious prosecution, and retaliatory prosecution, and they should be dismissed for lack of subject-matter jurisdiction.[6]

---

[6] A separate and independent reason to dismiss the claims against Defendant TSA is that the agency "cannot be sued in its own name" in tort. Meyer, 510 U.S. at 476.

     *c.  Any Official-Capacity Claims Against Secretary of Homeland Security Jeh Johnson, former TSA Administrator John Pistole, and TSA Supervisor Charles Kieser Should Be Dismissed*

To the extent Plaintiff seeks to bring the claims addressed in this Motion against Secretary of Homeland Security Jeh Johnson, former TSA Administrator John Pistole, and TSA Supervisor Charles Kieser in their official capacities, Am. Compl. ¶¶ 18-19, the arguments above are equally applicable to any such official capacity claims.  As the Third Circuit Court of Appeals has stated, "an action against [federal] officials in their official capacities constitutes an action against the United States and <u>Bivens</u> claims against the United States are barred by sovereign immunity, absent an explicit waiver."  <u>Webb v. Desan</u>, 250 F. App'x 468, 471 (3d Cir. 2007); <u>see also</u> <u>Hawaii v. Gordon</u>, 373 U.S. 57, 58 (1963); <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 845 F.2d 113, 115 (6th Cir. 1988) ("[T]he bar of sovereign immunity cannot be avoided simply by naming officers and employees of the United States as defendants").  And the only proper defendant in an FTCA claim is the United States.  28 U.S.C. §§ 1346(b), 2674, 2679(a); <u>see, e.g.</u>, <u>Murchison v. Lewisburg</u>, 566 F. App'x 147, 150 (3d Cir. 2014).

The "official capacity" constitutional and state law torts claims against Secretary Johnson, former Administrator Pistole, and Supervisor Kieser should be dismissed for lack of subject-matter jurisdiction.

     *d.  The Individual Capacity Claims Against Secretary Johnson and former Administrator Pistole Should Be Dismissed Because this Court Lacks Personal Jurisdiction Over Either Defendant*

In Claims 1, 2, and 8 of his Amended Complaint, Plaintiff asserts that Secretary Johnson and former Administrator Pistole are individually liable for alleged violations of his First, Fourth, and Fourteenth Amendment constitutional rights.  Am. Compl. ¶¶ 104-105, 130-134.  These claims should be dismissed for lack of personal jurisdiction over either defendant.  Not

only has Plaintiff failed to properly serve each defendant, but also nothing in his lengthy

pleading establishes that either defendant had sufficient contacts with this forum to make him

amenable to suit in this District.

"Before a federal court may exercise personal jurisdiction over a defendant, the

procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. V.

Rudolf Woff & Co., 484 U.S. 97, 104 (1987). "To serve a United States officer or employee

sued in an individual capacity," a plaintiff can effect service by "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court

is located[.]" Fed. R. Civ. P. 4(i)(3), 4(e). Where, as here, the individual defendants do not

reside or work in the forum state, Pennsylvania law permits service of process by certified mail.

Pa. R. Civ. P. 403. To date, the docket contains no indication that Plaintiff has perfected service

against either of these defendants in their individual capacities, see Docket, and the 120-day time

limit set forth by Rule 4(m) has expired. While the Court could extend the time for service on

Plaintiff's application ad for a showing of good cause, Petrucelli v. Bohringer & Ratzinger, 46

F.3d 1298, 1305-06 (3d Cir. 1995), at this juncture the Court does not have personal jurisdiction

over these defendants. Omni Capital, 484 U.S. at 104.[7]

Compounding the lack of personal jurisdiction over the Secretary of Homeland Security

and the former Administrator of the Transportation Security Administration is the dearth of

allegations that either individual "had minimum contacts with the Commonwealth of

Pennsylvania sufficient to invoke personal jurisdiction." Gary v. Fed. Trade Comm'n, 526 F.

App'x 146, 150 (3d Cir. 2013). Personal jurisdiction exists if a plaintiff establishes that (1)

---

[7] To the extent Plaintiff claims he served former Administrator Pistole at TSA's offices at the Philadelphia
International Airport, former Administrator Pistole retired from TSA before this lawsuit was instituted. See
http://www.tsa.gov/press/releases/2014/10/16/tsa-administrator-john-pistole-retire-tsa (announcing Mr. Pistole's
retirement from TSA, effective December 31, 2014) (last visited June 11, 2015). Thus Plaintiff has not yet
effectuated service against the former Administrator.

jurisdiction is legitimate under the laws of the forum state and (2) the exercise of jurisdiction

would not offend due process.  See O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d

Cir. 2007).  In Pennsylvania, "the exercise of personal jurisdiction over a nonresident is limited

by the strictures of due process, which require only that in order to subject a defendant to a

judgment in personam, if he be not present within the territory of the forum, he have certain

minimum contacts with it such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice."  Gary, 526 F. App'x at 150; see also O'Connor, 496

F.3d at 316.  Secretary Johnson and former TSA Administrator Pistole are specifically mentioned

in only four paragraphs of Plaintiff's 134-paragraph Amended Complaint.  Am. Compl. ¶¶ 19,

51, 58, 98.  None of these paragraphs make any allegation that either official had any contacts

with the Commonwealth of Pennsylvania, let alone the minimum contacts necessary to establish

personal jurisdiction.  Gary, 526 F. App'x at 150; e.g., Patchen, 2012 U.S. Dist. LEXIS 140253,

at *14-40 (finding the court did not have personal jurisdiction over defendants where there was

no allegation or evidence that they had targeted their activity at the forum state).  And "[m]ere

supervision over [a federal agency], the reach of which extends into every state, is insufficient to

establish a basis for the exercise of personal jurisdiction."  Nwanze v. Philip Morris, Inc., 100 F.

Supp. 2d 215, 220 (S.D.N.Y. 2000); see also Ecclesiastical Order, 845 F.2d at 116 (unsupported

conspiracy allegations insufficient to establish jurisdiction in forum over non-resident federal

employees); Mahmud v. U.S. Dep't of Homeland Sec., 262 F. App'x 935 (11th Cir. 2008) (no

personal jurisdiction over TSA officer due to insufficient contacts with forum state).

       Because Plaintiff has not established personal jurisdiction over Secretary of Homeland

Security Jeh Johnson or former TSA Administrator John Pistole, the individual-capacity claims

against these defendants should be dismissed.

    *e.   The Amended Complaint Does Not Contain Sufficient Factual Allegations to Plausibly State a Claim Against Either Federal Official in his Individual Capacity, and They Are Entitled to Qualified Immunity*

Even if Plaintiff could establish personal jurisdiction over Secretary Johnson and former Administrator Pistole, the Amended Complaint fails to state a claim against either official in his individual capacity because the pleading is devoid of allegations that either official was personally involved in the alleged constitutional violations or that either official violated a clearly-established constitutional right.

When a plaintiff seeks to hold a federal official personally liable in damages for asserted violations of the Constitution under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S. Ct. at 1948. A federal official "may not be held liable for the unconstitutional conduct of [his] subordinates under a theory of *respondeat superior*." <u>Id.</u>; <u>Argueta v. United States Immigration & Customs Enforcement</u>, 643 F.3d 60, 70 (3d Cir. 2011); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff alleges that TSA and former Administrator Pistole, "under the auspices" of Secretary of Homeland Security Jeh Johnson, should be liable under <u>Bivens</u> for employing Supervisor Kieser at TSA and for partnering with local law enforcement for the safety of airports and citizens. Am. Compl. ¶ 19. Without pleading any facts, Plaintiff baldly alleges that former Administrator Pistole knew about a "policy" of the airport police to arrest anybody reported by TSA, <u>id.</u> ¶ 51, and that both he and Secretary Johnson (as well as TSA and the United States of America) actually entered into an agreement with the arresting officers that those officers would take into custody any individual identified by TSA, <u>id.</u> ¶ 58. These allegations, along with the

13

legal assertion that former Administrator Pistole acted under color of state law because he had police power to detain and search, id. ¶ 98, comprise the sum total of allegations in the Amended Complaint about the Secretary of Homeland Security and the former TSA Administrator.  None of these allegations establish that either the Secretary or the former Administrator personally participated in the alleged violations of Plaintiff's First, Fourth, or Fourteenth Amendment rights.  And the Amended Complaint contains no factual allegations showing that either high-ranking official had actual knowledge of any particular conduct by any other given defendant, much less that he/they actually acquiesced in same.  Argueta, 643 F.3d at 74-77.

Furthermore, the "doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 555 U.S. 223, 231 (2009); Argueta, 643 F.3d at 69-70.  Whether a defendant is entitled to qualified immunity from an action for damages is a threshold determination for the Court.  Curley v. Klem [III], 499 F.3d 199, 211 (3d Cir. 2007).  To determine whether there is a "clearly established right," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  This in turn requires examining whether the facts alleged by a plaintiff make out a violation of a constitutional right at all by the defendant.  County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)

As discussed above, Plaintiff makes no allegation that either Secretary Johnson or former Administrator Pistole had any personal involvement in the wrongs allegedly perpetrated upon Plaintiff.  Plaintiff attempts to bolster his conclusory allegations with reference to two other cases filed against TSA, in which those plaintiffs brought claims of false arrest against

Philadelphia police and TSA employees.  See Am. Compl. ¶ 47.  Neither plaintiff in those cases prevailed against the federal defendants, undermining Plaintiff's assertion that a wrongful pattern, practice, or agreement existed and bolstering Defendants' entitlement to qualified immunity.  See George v. Rehiel, 738 F.3d 562, 583 (3d Cir. 2013); Pellegrino v. Transp. Sec. Admin., No. 09-5505, 2014 U.S. Dist. LEXIS 111942 (E.D. Pa. Aug. 12, 2014).  In George, the Third Circuit Court of Appeals held that TSA officials were entitled to qualified immunity where they held and investigated an individual who carried "Arabic-English flashcards bearing such words as: bomb, terrorist, [and] to kill" for fifteen minutes.  738 F.3d at 578.  Here, not only were the Secretary and former Administrator not personally involved in Plaintiff's search, but also Plaintiff carried with him materials resembling the components of a pipe bomb.  The Secretary and former Administrator are entitled to qualified immunity.

Absent any factual allegations that the Secretary of Homeland Security and the former head of the Transportation Security Administration participated in or had actual knowledge of the alleged constitutional violations, the Amended Complaint fails to state a claim that these defendants could be liable for the alleged constitutional harms.[8]  The individual capacity claims against these two high-ranking officials should be dismissed.

### V.    Conclusion

For the above-stated reasons, Moving Defendants submit that their Motion should be granted and the Amended Complaint should be dismissed as against them.

---

[8] As noted above in footnote 1, Secretary Johnson was still serving as General Counsel for the U.S. Department of Defense at the time of the events underlying this suit.  This fact highlights his lack of personal involvement in the alleged wrongs.

15

Respectfully submitted,

HON. LORETTA LYNCH
United States Attorney General

PAUL J. FISHMAN
United States Attorney


By:     */s/ Anne B. Taylor*
        ANNE B. TAYLOR
        Assistant United States Attorney
        Special Attorney to the U.S. Attorney General

Dated: June 12, 2015

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| ROGER VANDERKLOK, | : | HON. WILLIAM H. YOHN |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-370 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date a true and correct copy of the foregoing Motion to Dismiss for Lack of Subject-Matter Jurisdiction, Lack of Personal Jurisdiction, and Failure to State a Claim, filed on behalf of the United States of America, Transportation Security Administration, Secretary of Homeland Security Jeh Johnson, and former TSA Administrator John Pistole, was electronically filed and is available for viewing and downloading from the ECF system, and has been served upon this date upon all interested counsel.

Thomas B. Malone, Esq.
The Malone Firm, LLC
1650 Arch Street, Suite 1903
Philadelphia, PA 19103

Robyn L. Goldenberg, Esq.
50 Ross Way
Marlton , NJ  08053
*Attorneys for Plaintiff Roger Vanderklok*

Nicholas A. Cummins, Esq.
Charity C. Hyde, Esq.
Bennett, Bricklin & Saltzburg, LLC
1601 Market Street, 16th Floor
Philadelphia, PA  19102
*Attorneys for Municipal Defendants*

Jeffrey M. Scott, Esq.
Archer & Greiner, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA  19103
*Attorney for Charles Kieser*


              HON. LORETTA LYNCH
              United States Attorney General

              PAUL J. FISHMAN
              United States Attorney


By:    */s/ Anne B. Taylor*
        ANNE B. TAYLOR
        Assistant United States Attorney
        Special Attorney to the U.S. Attorney General

Dated: June 12, 2015