IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER VANDERKLOK,**  **Plaintiff,**  v.  **UNITED STATES OF AMERICA,** *et al.,*  **Defendants.** | **CIVIL ACTION**  **NO. 15-00370** |

    **PAPPERT, J.**                                                                                                                                                                    **December 4, 2015**

**MEMORANDUM**

      On January 26, 2013, Plaintiff Roger Vanderklok attempted to pass through airport security at the Philadelphia International Airport with a carry-on bag containing a watch encased inside of a piece of plastic pipe. While viewing the contents of his bag in the x-ray screening, Transportation Safety Administration ("TSA") agents noticed what they thought appeared to be a pipe bomb and asked Vanderklok to wait while they performed additional screening of his bag. The parties dispute the events that followed and the degree to which Vanderklok became agitated during the search and made threatening comments about bringing a bomb through security to TSA Agent Charles Kieser ("Kieser"). They do not, however, dispute what Kieser reported to the Philadelphia Police Officers who subsequently arrived on the scene upon Kieser's request, and arrested and charged Vanderklok with three crimes.

      After being acquitted at trial of all charges filed against him, Vanderklok sued Kieser, the City of Philadelphia ("City"), Philadelphia Police Officers Raymond Pinkney, Michael

1

Wojciechowski, and Kenneth Flaville (collectively, the "Individual Officers") and the United States of America ("United States") alleging, among other things, violation of his First and Fourth Amendment rights, false arrest, and false imprisonment.  The City and Individual Officers filed a motion to dismiss, arguing that the police officers had probable cause to arrest Vanderklok and, in any event, are entitled to qualified immunity.  (ECF No. 26.)  The United States filed a separate motion to dismiss, arguing that it is entitled to sovereign immunity and that the Court lacks subject-matter jurisdiction over the claims against it.  (ECF No. 28.)

On September 29, 2015, the Court granted the motion to dismiss filed on behalf of the City and the Individual Officers.  (ECF No. 43.)  On October 5, 2015, the Court also granted the United States' motion to dismiss, (ECF No. 46), leaving Kieser as the sole remaining defendant in the case.  Vanderklok now seeks the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) so that he may immediately appeal the Court's decisions on the motions to dismiss to the Third Circuit Court of Appeals.  (*See* ECF No.51.)  The Court denies Vanderklok's motion.

## I.

A party may only take an appeal as of right from a "final order" of the district court.  28 U.S.C. § 1291.  "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291."  *Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999); *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006).  However, Rule 54(b) permits the district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

The entry of a final judgment under Rule 54(b) "is the exception, not the rule, to the usual

course of proceedings in a district court." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a dispatcher." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks and citation omitted). Rule 54(b) orders "should not be entered routinely or as a courtesy or accommodation to counsel." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir.1958) Rather, the Rule "should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute [28 U.S.C. § 1291] and rule." *Id.* (internal quotation marks and citation omitted). Relevant to the analysis of certifying a final order pursuant to Rule 54(b) is a determination of "whether there is any just reason for delay," taking into account "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. The "judicial administrative interests" include the "historic federal policy against piecemeal appeals." *Id.* (internal quotation marks and citation omitted). The "equities" refer to "justice to the litigants." *Id.* at 4.

Vanderklok argues that the interests of judicial economy warrant an entry of final judgment because "it makes more sense to permit plaintiff to appeal the orders dismissing the other defendants *now*, and then to try all of the claims together if he is successful in having his claims against the other defendants reinstated." (ECF No. 51) (emphasis in original). However, our Court has previously rejected the same argument in *Freedom Medical, Inc. v. Gillespie*: the potential of having to litigate twice "is true in any suit involving multiple claims, some of which are disposed of on summary judgment. It is hardly a factor unique to the circumstances of this case and, if relied upon, would greatly expand the 'narrow exception' to the rule against

piecemeal litigation provided by Rule 54(b)." No. 06-3195, 2013 WL 3819366, at *3 (E.D. Pa. July 24, 2013) (citing *Waldorf v. Shuta*, 142 F.3d 601, 610 (3d Cir.1998)).

In deciding a Rule 54(b) motion, courts place "particular emphasis on" whether the adjudicated claims are closely related to the unadjudicated claims: "when pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources." *Amboy Bancorporation v. Jenkins Gilchrist*, No. 02-5410, 2009 WL 4117355, at *2 (D.N.J. Nov. 18, 2009) (citing *Chalfin v. Beverly Enterprises, Inc.*, 745 F.Supp. 1117, 1121 (E.D.Pa.1990)). Here, the unadjudicated claims against Kieser share the same "supporting facts" with the adjudicated claims against the City and the Individual Officers. Specifically, the lawsuit arises out of the interaction between Vanderklok and Kieser at the airport security checkpoint, and the subsequent interactions between Vanderklok, Kieser, and the Individual Officers in effectuating Vanderklok's arrest. A critical question common to all Defendants is whether those circumstances provided them with probable cause to arrest Vanderklok. Thus, the claims against Kieser are sufficiently "interrelate[ed]" with the claims against the Individual Police Officers and the City to maintain the traditional rule that Vanderklok must await a "final order" before appealing. *See Curtiss-Wright Corp.*, 446 U.S. at *10. There is no basis to find an exception to the rule and no basis to allow Vanderklok's claims to proceed piecemeal to the Third Circuit.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.