IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROGER VANDERKLOK,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

CIVIL ACTION
NO. 15-00370

**PAPPERT, J.**             **APRIL 29, 2016**

## MEMORANDUM

    Before the Court are two motions: Defendant Charles Keiser's ("Keiser") motion to compel and Plaintiff Roger Vanderklok's ("Vanderklok") motion for an extension of time to complete discovery. (ECF Nos. 61, 63.) The Court grants Keiser's motion and denies Vanderklok's.

### I.

    On January 23, 2015 Vanderklok sued the United States of America ("United States"), the Transportation Safety Administration ("TSA"), TSA Agent Kieser, the City of Philadelphia ("City"), Philadelphia Police Officers Raymond Pinkney ("Pinkney"), Michael Wojciechowski ("Wojciechowski"), and Kenneth Flaville ("Flaville") (collectively, the "Individual Officers"), Department of Homeland Security Secretary Jeh Johnson ("Johnson"), and former TSA Administrator John S. Pistole ("Pistole"). (ECF No. 1.) Vanderklok amended his complaint on May 27, 2015. (ECF No. 22.) His allegations arise out of an incident at the Philadelphia

1

International Airport on January 26, 2013 when he passed through security with a bag carrying a PVC pipe containing a heart monitoring watch surrounding by energy bars.  *Vanderklok v. United States*, No. 15-370, 2015 WL 5729281, at *1 n.3 (E.D. Pa. Sept. 30, 2015).  Noticing what appeared to be a pipe bomb, TSA agents conducted an additional search on Vanderklok's bag.  Vanderklok argued with Kieser, one of the TSA agents on duty, over the search of his bag and said something to the extent of "anybody can bring a bomb in here and nobody would know."  *Id.* at *2.  Kieser called the Individual Officers to the scene, who then arrested Vanderklok and charged him with, among other things, disorderly conduct.  *Id.*  Vanderklok was acquitted at trial of all charges filed against him and then filed this lawsuit alleging violations of his First and Fourth Amendment rights, state law claims including false arrest, false imprisonment and malicious prosecution, and *Monell* claims against the City.  (*See generally* Am. Compl., ECF No. 22.)

The parties stipulated to the dismissal of all claims against Johnson and Pistole.  *Vanderklok*, 2015 WL 5729281, at *3 n.7.  On September 30, 2015 the Court granted the City and Individual Officers' motions to dismiss.  (ECF Nos. 42, 43.)  On October 5, 2015 the Court granted the United States' motion to dismiss leaving Kieser, the only defendant not to file a motion to dismiss, as the sole remaining defendant.  (ECF Nos. 45, 46.)

On October 5, 2015 the Court issued an Order scheduling a pretrial conference for November 2, 2015.  (ECF No. 47.)  In that Order, the Court stated that the "parties shall commence discovery **immediately**."  (*Id.* ¶ 2 (emphasis in original).)  On October 28, 2015 Vanderklok filed a Notice of Appeal of the Court's September 30 and October 5 decisions granting the motions to dismiss.  (ECF No. 48.)  Two days later, Vanderklok filed a motion for

2

the Court to enter final judgment on those Orders so that he could proceed with his appeal without awaiting resolution of the claims against Kieser. (ECF No. 51.)

The Court held a pretrial conference on November 2, 2015 and determined with counsel for the parties that it would not issue a scheduling order until it ruled on Vanderklok's motion for the Court to enter final judgment. (ECF No. 52.) On December 4, 2015 the Court denied Vanderklok's motion and scheduled another conference to establish a pretrial and trial schedule. (ECF Nos. 55–57.) The conference was held on January 5, 2016 and later that day the Court issued a Scheduling Order which, among other things, set a deadline of May 6, 2016 for the completion of all fact discovery. (ECF No. 59.) It also stated that all pretrial procedures shall conform to the Court's Policies and Procedures. (*Id.*)

## II.

Kieser filed the motion to compel after multiple requests for Vanderklok to respond to his Request for Production of Documents ("RFP"). (Mot. to Compel at *1, ECF No. 61.) According to Kieser, he served the RFP on Vanderklok on October 20, 2015 pursuant to Federal Rule of Civil Procedure 34 via email and first class mail. (*Id.*) On approximately January 14, 2016 Vanderklok's counsel requested that Kieser re-serve the RFP. (*Id.* at *2.) Kieser re-served the discovery that same day. (*Id.*)

After not receiving a response to the RFP, Kieser's counsel sent a letter to counsel for Vanderklok on February 22, 2016 requesting a response by March 7, 2016. (*Id.*) Vanderklok's counsel told Kieser on March 8, 2016 that he would respond to the RFP in the following week or two. (*Id.*) After still not receiving a response, Kieser filed the motion to compel on March 16, 2016. He attached to his motion a certification pursuant to Local Rule of Civil Procedure 26.1(f)

and (g) stating the timeline of relevant events regarding the RFP.  (Mot. to Compel at *5, ECF. No. 61.)

Local Rule 26.1(g) states the Court "may summarily grant or deny such motion without waiting for a response[ ]" if counsel has averred that "no response or objection has been timely served[.]"  Counsel also certified pursuant to Local Rule 26.1(f) that he was unable to resolve the dispute with opposing counsel.  Vanderklok never responded to Kieser's motion.  Pursuant to Local Rule 26.1, and consistent with Rule 7.1(c), which states that the Court may grant any motion as unopposed except as provided under Federal Rule of Civil Procedure 56, the Court grants Kieser's motion to compel.  Vanderklok must respond to Kieser's RFP on or before May 6, 2016.

### III.

On April 25, 2016 Vanderklok filed a motion for extension of time to complete fact discovery.  (ECF No. 63.)  Vanderklok's counsel states that "[d]ue to the strenuous demands resulting from [another] matter, [ ] counsel has been unable to pursue discovery in the instant case with the proper degree of diligence and attention."  (Mot. for Extension at *2, ECF No. 63.)  In light of the upcoming fact discovery deadline on May 6, 2016, counsel requests ninety extra days until August 4, 2016 in which to complete fact discovery.  (*Id.*)

The Court's Policies and Procedures, to which all counsel were directed in the Court's January 5, 2016 Scheduling Order, state:

> Parties are expected to adhere to all dates contained in the scheduling order unless there is a compelling reason to justify a change. Counsel should advise the Court immediately of any compelling reason justifying an extension or continuance of any scheduled date. Circumstances which do not constitute compelling reasons for the extension of a scheduled date include, but are not limited to, . . . counsel's obligations in other cases and not

> diligently conducting discovery prior to the request for an extension.

See https://www.paed.uscourts.gov/documents/procedures/pappol.pdf.

Counsel's time demands in another matter are not a compelling reason to justify an extension. Further, more than six-and-a-half months have passed since the Court ordered the parties to "immediately" begin conducting discovery. (ECF No. 47.) The May 6, 2016 fact discovery deadline provides both parties with sufficient time in which to complete the necessary discovery for a case that has been narrowed to a single defendant. Vanderklok's failure to prosecute his claim more diligently prior to this point is not persuasive and is not consistent with the Court *and* the parties' obligations under Federal Rule 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding." Vanderklok's motion for an extension is denied.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.