IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER VANDERKLOK,<br><br>       *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>       *Defendants*. | CIVIL ACTION<br>NO. 15-00370 |

## ORDER

**AND NOW**, this 5th day of August, 2016, upon consideration of the United States of America's Motion to Substitute Itself as the Proper Party Defendant for the State Law Tort Claims Asserted Against TSA Supervisor Charles Kieser (the "Motion to Substitute") and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "Motion to Dismiss") (collectively the "Motions") (ECF No. 67), Kieser's response in opposition (ECF No. 76), the United States' reply (ECF No. 78) and oral argument on August 2, 2016, it is hereby **ORDERED** that the Motions are **GRANTED**.[1]

---

[1] The United States attached to its Motion to Substitute a Certification of Scope of Federal Employment pursuant to 28 U.S.C. § 2679, certifying that Kieser was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the amended complaint. (United States' Mot. to Subst., Ex. A.) Vanderklok "agrees that it is appropriate to substitute the United States as a proper party for [Kieser]" for the state law tort claims. (Pl.'s Opp. at 3.) The Court accordingly grants the Motion to Substitute.

     Vanderklok then contends that even though the United States is now the proper party for the state law tort claims, the Court should deny the Motion to Dismiss because "he has properly alleged facts which vitiate sovereign immunity." (*Id.*) In its October 6, 2015 Memorandum dismissing the claims against the United States, the Court held the Federal Tort Claims Act ("FTCA") did not waive sovereign immunity with respect to TSA screeners because they are federal government employees who have not been affirmatively designated by the TSA to serve as "law enforcement officers" within the meaning of the 28 U.S.C. § 2680(h). *Vanderklok v. United States*, et al., 142 F. Supp. 3d 356, 362 (E.D. Pa. 2015). The United States contends that in light of the substitution of the United States for Kieser with respect to Vanderklok's state law tort claims, the Court should dismiss those claims for the same reasons articulated in its October 6, 2015 memorandum. (United States' Mot. to Subst. at 4–5.)

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

---

In response to the Court's holding that TSA screeners are not "officers" within the meaning of Section 2680(h), Vanderklok argues that there is nothing in the record to show that Kieser was a "screener." (Aug. 2, 2016 Oral Arg. 19:4–13, ECF No. 81). There needn't be. Kieser is without dispute a federal employee and there is nothing in either the complaint or the record alleging or showing that "[t]he TSA Administrator [has] affirmatively act[ed] to make [Kieser] an 'officer'" within the meaning of Section 2680(h). *Vanderklok*, 142 F. Supp. 3d at 361. Accordingly, for the reasons set forth in its October 6, 2015 Memorandum, the Court grants the Motion to Dismiss the state law tort claims against Kieser.

The Court's October 6 decision concerned a facial attack by the United States on the Court's subject-matter jurisdiction. In the event the case's current posture renders the United States' motion a factual attack, the Court's October 6 Opinion remains dispositive of the question. A facial attack "contests the sufficiency of the pleadings," *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012), "whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional claims." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks omitted) (alterations in original). Under either standard, Vanderklok has failed to plead or articulate facts which show that Kieser was a "law enforcement officer" subject to the FTCA's waiver.